**SO ORDERED.**

**SIGNED this 26 day of June, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

CHARLES L. BROWN,

      Debtor.                      Case No. 06-04138-8-JRL
                                                        Chapter 13

_____

**ORDER**

This case is before the court on the debtor's motion to reinstate the automatic stay as to Green Tree Servicing, LLC (Green Tree). On June 25, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On May 5, 1998, the debtor entered into a promissory note to finance the purchase of a 1998 Masterpiece mobile home. The promissory note is secured by a deed of trust on the debtor's property at 195 Graham Road, Reigelwood, North Carolina. Green Tree is the holder of the note and deed of trust. On December 19, 2006, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. The debtor's Chapter 13 plan was confirmed on February 26, 2007. The plan provides for direct payments to Green Tree outside the Chapter 13 plan. The debtor defaulted on payments to Green Tree and on August 6, 2007, Green Tree filed a motion for relief from the

automatic stay to foreclose on the property. The matter was resolved by a consent order, which was filed on September 18, 2007. Pursuant to the terms of the consent order, the debtor was required to remit regular monthly payments to Green Tree in the amount of $588.25, plus an additional $271.61 per month through February 2008 in order to cure the arrearage. The consent order also stated that, for a period of twelve months, if the debtor failed to make a payment within thirty days after the due date, Green Tree would be granted relief from the automatic stay to foreclose its deed of trust.

At the hearing, the debtor testified that, after the entry of the consent order, he sent in payments of $860.00 per month in September and October of 2007. The debtor testified that he did not make a payment in November 2007, but that he notified Green Tree that his November payment would be late and sent the payment in early December 2007. The debtor then made payments of $860.00 per month in January, February, and March 2008. In April 2008, the debtor made a payment of $600.00 to Green Tree. In mid-April 2008, the debtor received a letter from counsel for Green Tree stating that the automatic stay had been lifted pursuant to the terms of the consent order because the debtor's March payment was received more than thirty days after the due date. After receiving the letter, the debtor made a payment of $575.70 into his attorney's trust account to be paid to Green Tree to represent his April 2008 payment. The debtor also made another direct payment of $588.25 to Green Tree on May 5, 2008. The debtor contends that he was unable to make the March 2008 payment on time due to expenses incurred in connection with his mother's illness. The debtor testified that his mother, who lives with him, became ill in February and March 2008. The debtor's mother does not have Medicare and the debtor paid for her prescriptions during her illness. The debtor is currently employed by a mental health provider and works regular hours, six days a week.

Based on the foregoing, the court finds that sufficient extenuating circumstances exist to allow the debtor's motion to reinstate the automatic stay as to Green Tree. The debtor is required to make the June payment to Green Tree by July 10, 2008 and the July payment by July 31, 2008. In addition, for the next twelve months, if the debtor is more than thirty days late on any payment to Green Tree, the stay will lift automatically without the need for further hearing. The court authorizes $500.00 in fees and costs for Green Tree in defending this motion, to be added to the arrearage claim. The debtor's Chapter 13 plan will be extended one month to accommodate those fees.

"END OF DOCUMENT"